# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| Surinder Arora, Kevin Arora, and<br>Sawan Kirpal LLC, | ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 3:20-cv-50387 |
| v. | ) ) ) | Magistrate Judge Lisa A. Jensen |
| Manish "Mack" Kharat and<br>Sawan Management, LLC, | ) ) ) | |
| *Defendants*. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

For the reasons stated below, Defendants' motion to consider their answer timely and vacate any defaults [28] is granted, and Plaintiffs' motion for entry of default [23] is denied.

## I. Background

This case is a consolidated action of claims originally filed by Manish Kharat, Sawan Management, LLC, and Surinder Arora. *See* Dkt. 9 (consolidating Case No. 3:20-cv-50392 into 3:20-cv-50387 pursuant to Fed. R. Civ. P. 42(a)(2)). After the cases were consolidated on December 29, 2020, Plaintiffs filed an amended complaint on January 5, 2021 asserting breach of contract and unjust enrichment relating to a purchase agreement for real property. Dkts. 9, 11. Defendants were ordered to answer the amended complaint by February 3, 2021 and were warned that failing to answer may result in Plaintiffs seeking entry of orders of default. Dkt. 10.

On February 9, 2021, Plaintiffs filed a motion for entry of default after Defendants failed to answer as ordered. Dkt. 14. On February 19, 2021, attorney Anthony Klytta filed an appearance form for Defendants but left the form blank. Dkt. 16. Although attorney Klytta's signature line on the certificate of service identified his current email address, his CM/ECF profile listed an outdated one. Dkt. 16-1.

At the hearing on Plaintiffs' motion for entry of default on March 4, 2021, counsel for both sides appeared. The district judge denied Plaintiffs' motion for entry of default and ordered Defendants to file their answer and counterclaim by April 9, 2021. Dkt. 18. The parties were also ordered to provide agreed dates to proceed with a settlement conference with this Court. Dkts. 18-20. After the parties failed to provide the requested dates, the undersigned held a status hearing on April 14, 2021. Defense counsel did not appear for the hearing as ordered.

On April 14, 2021, Plaintiffs filed a second motion for entry of default against Defendants. Dkt. 23. On April 15, 2021, this Court ordered Defendants to respond to the motion by April 30,

2021 and warned that if no response was filed the Court would rule on the pending motion. Dkt. 26. A copy of that order was mailed to attorney Klytta.

On May 3, 2021, Defendants filed an answer along with a motion to consider their answer timely and vacate any defaults, technical or otherwise, that may have been entered. Dkts. 27-28. In the motion, defense counsel explains that he did not receive the court's orders because he failed to update his CM/ECF profile to include his current email address. He also states that he failed to attend the April 14, 2021 status hearing because he was overloaded with additional cases in light his law partner/brother's medical issue. However, defense counsel admits that despite receiving this Court's minute entry on April 28, 2021, he failed to comply with the order requiring a response to Plaintiff's motion by April 30, 2021. This Court now considers Defendants' motion after receiving briefs from both sides.

## II. Discussion

Defendants request leave to file an untimely answer and to vacate any defaults.[1] Plaintiffs argue that Defendants have not established excusable neglect sufficient to support their filing of an untimely answer. Dkt. 33. Defendants only response is that they did not receive notice of the Court's April 15, 2021 order because CM/ECF notices went to counsel's old email address and Plaintiffs failed to provide them with notice of their motion for an order of default.[2]

However, what is at issue is Defendants' failure to file a timely answer, not their failure to respond to Plaintiffs' motion for entry of default. Defendants were ordered to answer by April 9, 2021 but did not do so until May 3, 2021. Defense counsel attended the hearing where the district judge ordered Defendants to answer by April 9, 2021, and so he cannot argue that he was unaware of that deadline.

Under Federal Rule of Civil Procedure 6(b)(1)(B), "[e]xtensions may be granted, after the time for action has passed, when justified by excusable neglect." *Mommaerts v. Hartford Life & Acc. Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007) (internal quotation and citation omitted). In determining whether a party's omission constitutes excusable neglect, courts consider "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (citation omitted).

The first two factors weigh in favor of granting Defendants' motion. Plaintiffs have not alleged that they suffered any prejudice. Additionally, the 24-day delay, while unfortunate, was of a short duration and therefore did not severely impact judicial proceedings at this early stage of

---

[1] Defendants are only in technical default because no order of default has been entered by the Clerk or the Court, and Plaintiffs' motion for entry of default remains pending. *See* Dkt. 23.

[2] Defendants also argue that Plaintiffs are in default for failing to answer the complaint Defendants filed in state court. However, the amended complaint in the instant case is the operative complaint for these proceedings. Defendants were ordered to file any counterclaim along with their answer. To date, they have not filed a counterclaim and doing so now would require filing a motion for leave. *See* Fed. R. Civ. P. 13, 15. Accordingly, Defendants argument that Plaintiffs are also in default is without merit.

the case where discovery has yet to occur. *See Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) (upholding vacatur of default despite five-month delay between deadline to answer complaint and motion to vacate where the delay "caused no prejudice to the adverse party"); *Mommaerts*, 472 F.3d at 967-68 (finding a defendant's delay excusable where its answer was 16 days late); *Haney v. McClure*, No. 120CV01858RLYDLP, 2021 WL 308168, at *3 (S.D. Ind. Jan. 29, 2021) (finding 25-day delay in moving to vacate entry of default "sufficiently quick").

As to the reasons for delay, Defendants attribute their untimely answer to their attorney's busy schedule. The Court agrees with Plaintiff that an attorney's busy schedule rarely rises to the level of excusable neglect. *See Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006) ("[I]t is widely accepted that neglect due to a busy schedule is not excusable."). Yet, the cause of defense counsel's increased workload was due to his brother's illness relating to COVID-19, which was out of his control. This Court is sympathetic to the challenges caused by the COVID-19 pandemic and as a result is inclined to find counsel's delay excusable. *See Johnson v. Richerson*, No. 19-CV-1354-DWD, 2021 WL 2186406, at *1 (S.D. Ill. May 28, 2021) (affording additional leeway in responding to court filings due to the COVID-19 pandemic). Lastly, Plaintiffs assert that the history of the case indicates bad faith, but they have not provided any evidence to support their claim. *See Mommaerts*, 472 F.3d at 968 (rejecting the plaintiff's motion for entry of default where the defendant "did not engage in abusive tactics or cause [the plaintiff] any prejudice.").

Plaintiff cites *Wickenkamp v. Smith*, No. 8:13CV262, 2013 WL 6197158 (D. Neb. Nov. 27, 2013),[3] arguing that this situation is directly analogous and supports denial of Defendants' motion. The Court does not believe that the case lends support for Plaintiffs' position. The court in *Wickenkamp* denied the plaintiff leave to file untimely responses to motions to dismiss and for summary judgment finding no reasonable justification for the delay where she claimed not to receive timely notice of the motions. However, the court still decided the motions on their merits, even noting that the motion to dismiss presented a "simple question of law" that did not require an opposing brief. *Id.* at *2. By contrast, here, Plaintiffs are asking that default be entered against Defendants, whereby the truth of the allegations in Plaintiffs' amended complaint relating to liability would be deemed admitted. *See Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Default is a harsh sanction for an untimely answer. *See Myers v. Bennett*, No. 16-CV-3267, 2017 WL 2573494, at *1 (C.D. Ill. June 14, 2017) (finding that entering a default for a brief delay that did not result in prejudice to the moving party is disfavored).

Defendants were less than diligent in proceeding with this case, but they have now answered and expressed their desire to contest the action. This Court is mindful of the Seventh Circuit's "well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trustees of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007). Considering this policy along with the above factors, this Court finds Defendants' neglect excusable and exercises its discretion to allow Defendants' untimely answer to stand. *See Bentz v. Newbold*, 843 F. App'x 820, 822 (7th Cir. 2021) ("It cannot be an abuse of discretion when a district judge decides to tolerate a defendant's harmless delay in answering a complaint.") (internal quotation marks and citation omitted). However, Defendants are on notice that any future failures to abide by court-ordered

---

[3] It is unclear why most of Plaintiffs' citations in their response are to non-controlling precedent. Future filings with the Court should focus on controlling 7th Circuit precedent.

deadlines will not be looked at so kindly. Accordingly, Defendants' motion to consider their answer timely and vacate any defaults is granted, and Plaintiffs' motion for entry of default is denied.

Date: July 1, 2021         By: _____
                               Lisa A. Jensen
                               United States Magistrate Judge