IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| SURINDER ARORA, KEVIN ARORA, and SAWAN KIRPAL, LLC. <br><br> Plaintiffs, <br><br> v. <br><br> MANISH KHARAT, and SAWAN MANAGEMENT, LLC. <br><br> Defendants. | Case No. 3:20-cv-50387 <br><br> Honorable Iain D. Johnston |
| MANISH KHARAT, and SAWAN MANAGEMENT, LLC. <br><br> Counter-Plaintiffs, <br><br> v. <br><br> SURINDER ARORA, KEVIN ARORA, ANU ARORA, SAWAN KIRPAL, LLC, and RAJ RANI HOSPITALITY, INC. <br><br> Counter-Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Surinder Arora, Kevin Arora, and Sawan Kirpal LLC (Sawan Kirpal) originally brought this action against Defendants Manish Kharat and Sawan Management LLC (Counter Plaintiffs) seeking recovery for breach of contract. Not to be outdone, Defendants filed a counterclaim [48] against the

1

original plaintiffs, as well as Anu Arora and Raj Rani Hospitality, Inc. (collectively Counter Defendants), alleging breach of contract, fraud, and conspiracy to commit fraud. The Counter Defendants then filed a motion [52] to dismiss the counterclaims under Federal Rule of Civil Procedure 12(b)(6). On May 20, 2022, the Court granted the motion in part and denied in part [75], allowing Counter Plaintiffs to amend their counterclaim. Before the Court is Counter Defendants' motion to dismiss the amended counterclaim [85]. Counter Plaintiffs oppose dismissal of the following three amended claims[1]: (1) causes of action against Anu Arora; (2) a cause of action against Surinder Arora for breach of the loan agreement; and (3) a cause of action against Sawan Kirpal for conspiracy to commit fraud.[2] For the following reasons the motion is granted.

## I. Legal Standard

Under Rule 8, the plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be plausible, the plaintiff's factual allegations, as opposed to any legal conclusions, must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all the plaintiff's well-pleaded factual allegations and views them—and all reasonable inferences—in the light most

---

[1] In Counter Plaintiffs' response they oppose dismissal of "at least four of the claims" but only advance arguments on three claims. Resp. to Mot. to Diss., Dkt. 94 at 3.

[2] Because Counter Plaintiffs do not oppose dismissal of any other claims in the amended counterclaim, those claims will be dismissed. "If the Court is presented with a colorable argument in a motion to dismiss, and the plaintiff fails to respond to that motion, the Court will assume that the plaintiff concedes the insufficiency of its complaint." Iain D. Johnston, Standing Order on Motions to Dismiss. https://www.ilnd.uscourts.gov/judge-info.aspx?Bt1LmR2QgBbCj2VD6w9tXA==

favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr. Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). On a motion to dismiss, the moving party bears the burden of establishing the insufficiency of the complaint's allegations, and thus that the complaint should be dismissed for failure to state a claim. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021). The same legal standard applies when analyzing a motion to dismiss a counterclaim, with the plaintiff bearing the burden of establishing the insufficiency of the defendant's allegations in its counterclaim. See *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826–27 (7th Cir. 2015).

## II. Analysis

### a. Breach of Contract – Kevin Arora, Anu Arora, Sawan Kirpal and Raj Rani Hospitality, LLC

Counter Defendants Kevin Arora; Anu Arora; Sawan Kirpal; and Raj Rani Hospitality, LLC (Raj Rani Hospitality) ask the Court to dismiss Counter Plaintiffs' claims that they breached the purchase agreement and the loan agreement. M. to Diss. Amend. Counterclaims, Dkt. 85 at 2–3. In the Court's previous order Kevin Arora, Anu Arora, and Raj Rani Hospitality were dismissed because they were not parties to the contracts. Dkt. 75 at 8. Given a second chance to plausibly suggest that these defendants were parties to the contracts, Counter Plaintiffs' amended complaint still fails to do so. So, consistent with the Court's previous order, Counts I and II are dismissed against Kevin Arora, Anu Arora, and Raj Rani Hospitality. *Northbound Group, Inc. v. Norvax, Inc.*, 795 F.3d 641, 651 (7th Cir. 2015) (quoting *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 294 (2002)) (Illinois contract law states that "a contract cannot bind a nonparty.")

Indeed, the only amendment to Count I is the addition of Sawan Kirpal as a counter-defendant. It is difficult to piece together the theory why Counter Plaintiffs believe Sawan Kirpal is a party to the purchase agreement. But that is beside the point because Counter Plaintiffs did not respond to the motion to dismiss the claims against Sawan Kirpal in Count I. Because Counter Plaintiffs failed to respond, the claims against Sawan Kirpal are dismissed.³

**b. Breach of Contract – Surinder Arora**

The Court previously dismissed the entirety of Count II of the counterclaim because the Counter Plaintiffs failed to sufficiently allege that Surinder Arora breached his obligations under the loan agreement. As the Court previously found, the agreement does not impose any obligations on him. Dkt. 75 at 9–10. Defendant Surinder Arora now moves to dismiss the amended Count II claim against him for the same reasons.⁴ In support of their claims, Counter Plaintiffs reference paragraph 30 of their Amended Counterclaim [78] that states, "[i]t was agreed that Surinder Arora would continue to make payments on the Hotel's underlying mortgage." But Counter Plaintiffs fail to point to any language within the loan agreement that memorializes any such obligation.

Under Illinois law, if the language of a contract is clear and unambiguous, the parties' intent is solely determined by the language of the contract. *Virginia Surety Co. v. Northern Insurance Co. of New York*, 224 Ill. 2d 550, 556 (Ill. 2d 2007).

---

³ *Supra* Note 2.
⁴ Consistent with this Court's previous ruling [75], the claim in Count I for a breach of the purchase agreement will proceed against Surinder Arora.

4

Counter Plaintiffs argue that Surinder's continued payment on the mortgage was a precondition to Mr. Kharat's monthly payments on the promissory note. Dkt. 94 at 6. But Counter Plaintiffs have not pointed to any such language in the contracts or exhibits, they only make a self-serving reference to this "precondition" by pointing to paragraph 30 in the Amended Complaint. If Counter Plaintiffs had that understanding, it should have been included in the agreements. *Thompson v. Gordon*, 241 Ill. 2d 428, 449 (2011) ("[A] court cannot alter, change or modify existing terms of a contract, or add new terms or conditions to which the parties do not appear to have assented.") Absent an express provision, Counter Plaintiffs have failed to plausibly suggest that Surinder Arora breached his obligations under the loan agreement, and Surinder's motion to dismiss Count II is granted.

c. **Count III – Fraud**

Counter Plaintiffs originally brought a claim for fraud against Surinder Arora, Kevin, Arora, Anu Arora, and Raj Rani Hospitality. The Court allowed claims to proceed against Surinder Arora, but dismissed without prejudice the claims against Kevin Arora, Anu Arora, and Raj Rani Hospitality. Counter Defendants Kevin and Anu Arora, and Raj Rani Hospitality, argue that Count III of the Amended Counterclaim should be dismissed because Counter Plaintiffs have not met Rule 9(b)'s heightened standard to allege fraud and also have not alleged the necessary elements of common-law fraud in Illinois. Dkt. 85 at 5. Counter Plaintiffs apparently elected not to respond to Kevin Arora, Anu Arora, and Raj Rani Hospitality's motion to dismiss Count III. So, the Court will assume that the

5

Counter Plaintiffs concede that Count III is insufficient and dismisses the claim against the moving defendants.

### d. Count IV – Conspiracy to Commit Fraud

In Count IV, Counter Plaintiffs claim that Kevin Arora, Anu Arora, and Raj Rani Hospitality conspired to commit fraud. The Court previously dismissed the claims against Anu Arora and Raj Rani Hospitality, allowing the claim against Kevin Arora to proceed. Anu Arora and Raj Rani Hospitality now move to dismiss the amended claims against them.[5] Counter Plaintiffs fail to respond to Raj Rani Hospitality's motion to dismiss Count IV, so the claim against it is dismissed.[6] Therefore Anu Arora is the only remaining moving defendant.

As stated in the Court's previous order [75] because the conspiracy claim alleges fraud as the underlying bad act, it must be held to the same heightened pleading standards as the underlying fraud claim. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 948 (7th Cir. 2013). But Counter Plaintiffs eschewed the opportunity to amend their claims against Anu Arora. Instead, they reuse the same allegations from their original counterclaim without substantial amendments. Like before, Counter Plaintiffs maintain that Anu Arora was part of a conspiracy to commit fraud against them because she was the true owner of the hotel and was the owner of the hotel's management company. The amended counter-complaint does not

---

[5] Sawan Kirpal also seeks dismissal of Count IV against it; however, the amended complaint never alleged a claim against it. Even if Sawan Kirpal were a proper defendant, the amended complaint makes no specific allegations against it, making the claim fail under the heightened pleadings requirements of Federal Rule of Civil Procedure 9(b).
[6] *Supra* Note 2.

6

explain how Anu Arora was the true owner of the hotel given that she did not sign any of the legal documents transferring ownership of the hotel to Manish Kharat, and there is no challenge to the legality of that transfer. Counter Plaintiffs also do not allege any specific acts about why they believe Anu Arora assisted with or conspired to assist with fraudulent acts. They also do not explain how the hotel management company that Anu Arora owned, a separate entity, can be held liable for breach of contract by the hotel's owner. Indeed, managing a hotel is not the same as owning it. Therefore, the allegations against Anu Arora in Count IV are dismissed.

### III. Conclusion

For the foregoing reasons, the Court grants Counter Defendants' motion to dismiss the amended counterclaim [85]. For clarity, the Court reiterates each holding. Count I will proceed against Surinder Arora, the claims against Kevin and Anu Arora, Sawan Kirpal, and Raj Rani Hospitality are dismissed. Count II is dismissed in its entirety. Count III will proceed against Surinder Arora, the claims against Kevin and Anu Arora, and Raj Rani Hospitality are dismissed. Count IV will proceed against Surinder and Kevin Arora, the claims against Anu Arora, Sawan Kirpal, and Raj Rani Hospitality are dismissed.

Because Counter Plaintiffs had the opportunity to amend their counterclaim, are represented by experienced counsel, and did not provide any clarity why the amended counterclaims should proceed, all dismissals are with prejudice. *See Allen v. Brown Advisory, LLC*, 41 4th 843, 854 (7th Cir. 2022) (dismissal with prejudice

7

affirmed after one failed opportunity to amend and passage of amendment date). Anu Arora and Raj Rani Hospitality are third parties to the underlying action and because all claims against them have been dismissed with prejudice, the clerk is directed to terminate the case against them.

Date: January 26, 2023

_____
Honorable Iain D. Johnston
United States District Judge